IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| DWAYNE MILLER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:21-cv-03081-MDH |
| MICHELLE BUCKNER, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's Motion for Reconsideration. (Doc. 32). For the reasons set forth herein, the Motion is **DENIED**.

## BACKGROUND

Plaintiff is an inmate at South Central Corrections Center in Licking, Missouri. Miller files his claims under 42 U.S.C. Section 1983 alleging that his constitutional rights were violated based upon deprivation of due process, cruel and unusual punishment, and race discrimination. Plaintiff's complaint alleges four counts. Count I alleges deprivation of his liberty without due process of law by causing and confirming a disciplinary finding with no evidence that he participated in any violation of institutional or department rules. Count II alleges violations of Cruel and Unusual Punishment Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment by placing and keeping him in Administrative Segregation (AdSeg) without some evidence that he committed the conduct violation signed by Defendant Robertson, subjecting the Plaintiff to an aggregation of conditions that was atypical and significant hardships compared with ordinary incidents of prison life and went beyond his lawful sentence subjecting him to disease, danger, indignity and other wrongs. Count III alleges the same as Count II but against a different

1

set of Defendants. Count IV alleges race discrimination in that he and other African-American inmates were treated differently based upon their race by being subject to conduct violations without confirming that evidence was a controlled substance through the Missouri State Highway Patrol crime lab when evidence in other non-minority inmates cases were sent for testing prior to a conduct violation being imposed and that punishment was less severe in the non-minority inmate cases.

On May 27, 2021, Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(b) (Doc. 7). Plaintiff filed his Reply to the Motion to Dismiss (Doc. 19) on July 8, 2021. Defendants filed their Reply in Support of the Motion to Dismiss (Doc. 27) on August 12, 2021. This Court entered its Order granting in part and denying in part the Defendants Motion to Dismiss (Doc. 29) on August 25, 2021. In that Order, the Court dismissed Counts I-III and the official capacity claims against the Defendants in Count IV.

**STANDARD**

Under Federal Rule of Civil Procedure 60(b), a Court may grant relief from a judgment for six reasons. Those reasons are (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. *See* Fed. R. Civ. P. Rule 60(b).

**DISCUSSION**

Plaintiff sets out three grounds for relief from the Court's Order (Doc. 29):

- "Grant of qualified immunity on counts 1-3 is based on errors of fact that ignore or minify the well-pleaded averments in the complaint, reply, motion for protective order and record of evidence accompanying each of them."
- "Grant of qualified immunity is based upon a misapprehension of the discussion of the authority on which defendants rely in their assertion of qualified immunity on counts 1-3."
- "In light of the unchecked retaliation…to the extent plaintiff has not amassed the quantify of evidence on counts 1-3 that is apparently necessary to persuade the Court that the facts are sufficiently grave to preclude dismissal under qualified immunity or otherwise – [it is] because defendants' mistreatment of plaintiff falls within clearly established law…the problem lies with the retaliation and obstruction rather than the absence of sufficient evidence. Indeed, retaliation and obstruction is part of the evidence against qualified immunity that [the Order] does not address." (Doc. 32).

Looking at the Rule 60(b) factors, (1), (2), (3), (4), and (5) clearly do not apply. Plaintiff does not plead mistake, inadvertence, surprise or excusable neglect. Plaintiff does not argue fraud, misrepresentation, or misconduct by an opposing party. Reasons (4) and (5) do not apply as the judgment is not void, nor has it been satisfied, released or discharged; or based upon an earlier judgment that has been reversed or vacated.

So, Plaintiff's request for relief falls broadly under factor Rule 60(b) factor (6) which allows for relief from a judgment or order for "any other reason that justifies relief." "Relief is available under Rule 60(b)(6) only where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress. *Atkinson v. Prudential Property Co., Inc*, 43 F.3d 367 at 373." (citing *Harley v. Zoesch*, 413 F.3d 866, 871 (8th Cir. 2005)).

Curiously, Plaintiff's entire motion for reconsideration argues that the Court erred in granting defendants qualified immunity. However, the Court did no such thing, and the only mention of qualified immunity in the Order was in finding that it *did not* apply to defendants in Count IV. It is unclear why Plaintiff is electing to argue for specific reconsideration of decisions the Court did not make. Rather, the Court dismissed Counts I-III for the sole reason that Plaintiff failed to state a claim for relief under Section 1983 pursuant to Rule 12(b)(6), because the allegations do not rise to the level of constitutional violations. Plaintiff does not even appear to challenge the Court's actual findings, nor does the Court find any reason to reconsider them in this instance.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 23, 2021   */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**United States District Judge**